IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

RONDA J. ENGLISH,      )
              )
    Plaintiff,    )  Case No. 05-771-KI
              )
  vs.         )  OPINION AND ORDER
              )
WAL-MART SUPER CENTER, INC.  )
#1817 [sic],         )
              )
    Defendant.   )

  Harold S. Shepherd
  Shepherd Law Offices
  125 S. E. Court, Suite 4
  Pendleton, Oregon  97801

    Attorney for Plaintiff

  Kevin H. Kono
  Carol J. Bernick
  Davis Wright Tremaine LLP
  1300 S. W. Fifth Avenue, Suite 2300
  Portland, Oregon  97201

    Attorneys for Defendant

Page 1 - OPINION AND ORDER

KING, Judge:

Plaintiff Ronda English was terminated by defendant Wal-Mart Super Center, Inc. #1817 after she was injured at work. Before the court is Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint (#7). For the reasons below, I grant the motion but also allow English to amend her complaint.

## ALLEGED FACTS

English alleges that she was injured at work on January 8, 2000. She returned to work but was not accommodated with a lighter duty job. Wal-Mart terminated English on May 7, 2004. Her Second Amended Complaint alleges a claim under ORS 659A.043 for failure to reinstate to her former position and a claim under ORS 659A.046 for failure to reemploy in other available and suitable work.

## LEGAL STANDARDS

A motion to dismiss under Rule 12(b)(6) will only be granted if it "appears beyond doubt that the plaintiff can prove no set of facts in support of his complaint which would entitle him to relief." Gilligan v. Jamco Development Corp., 108 F.3d 246, 248 (9th Cir. 1997). Normally, the review is limited to the complaint, and all allegations of material fact are taken as true and viewed in the light most favorable to the non-moving party. Id. The court, however, may consider whether conclusory allegations follow from the description of facts alleged. Holden v. Hagopian, 978 F.2d 1115, 1121 (9th Cir. 1992). The court may also review a document extrinsic to the complaint if the authenticity of the document is not contested and the document is integral to the claims. Fields v. Legacy Health System, 413 F.3d 943, n.13 (9th Cir. 2005). A court may

deny leave to amend when any proposed amendment would be futile. Reddy v. Litton Industries, Inc., 912 F.2d 291, 296 (9th Cir. 1990), cert. denied, 502 U.S. 921 (1991).

## DISCUSSION

Wal-Mart moves to dismiss English's complaint for failure to state a claim. Wal-Mart contends that dismissal is required because English failed to allege that she made a demand for reinstatement or reemployment. Alternatively, Wal-Mart contends that English's claims are barred by the statute of limitations.

I am going to dismiss English's claims for a different reason. The workers' compensation statute's provisions concerning failure to reemploy and failure to reinstate are typically used when a worker suffers a compensable injury and is off work entirely for the recovery period. When the worker's doctor releases him for work, possibly with limitations, and the worker contacts the employer, the worker is not put back on the payroll. The employer's excuses run the gamut from the job being eliminated, to the job being filled by another, to no available position the worker can perform with the limitations. See Janzen v. Sunriver Lands, Inc., 89 Or. App. 51, 747 P.2d 378 (1987).

Here, English was never off work. Although she does not allege it expressly, her attorney confirmed during oral argument that English returned to same job the day after the injury occurred and performed that job for four more years. Thus, she was immediately reinstated to her former position. Although it is not quite as clear, I also conclude that English does not state a claim for the failure to reemploy in other available and suitable work because she continued being employed by Wal-Mart at her original position. Although a plaintiff can allege a failure to reemploy claim when he is on the payroll, the plaintiff typically was returned to a lower paying

PAGE 3 - OPINION AND ORDER

position than what he believes he can perform.  See Anglin v. Department of Corrections, 160 Or. App. 463, 982 P.2d 547 (1999).  Consequently, I conclude that English has failed to state a claim under the two statutory provisions on which she relies.

## CONCLUSION

Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint (#7) is granted.  English may file a Third Amended Complaint within 30 days.  Plaintiff's counsel informed the court at oral argument that he filed a second action in this court, CV05-1089-BR, on July 13, 2005.  My review of that Complaint shows that the factual allegations are the same but English now alleges claims under ORS 659A.112, which prohibits employment discrimination against people with disabilities.  If English prefers to proceed only in CV05-1089-BR without amending the complaint in this action, she may notify the court and I will dismiss this action without prejudice.

IT IS SO ORDERED.

Dated this __5th__ day of August, 2005.

                                                     __/s/ Garr M. King__
                                                     Garr M. King
                                                     United States District Judge